May it please the Court, Your Honors, I would like to reserve 5 minutes of my time for rebuttal. My name is William Cliff, and on behalf of the Appellant, Jerry Green. The present case involves U.S. Patent No. 6250040, issued June 26, 2001, entitled Solid Core Vinyl Screen Door. The invention is that of a vinyl plastic screen door having the advantages of the prior art wood doors, being able to cut and trim to size at the job site, and being able to have hardware mounted such as hinges, without any of the drawbacks of those prior art wood doors of weathering, warping, that sort of thing. Mr. Kline, I understand you're arguing for a different claim construction. Partially, Your Honor, that's correct. That's one of the issues on appeal. And then as to the claim construction, that your position is that the claim that solid should be construed as not hollow. That is correct, Your Honor. But as I understand it, the accused devices are doors that have styles with a hollow portion. And my question is, what difference does it make whether this Court adopts your construction as compared with the construction of the district court? Actually, Your Honor, one of the issues on appeal is the application of the word comprising. All of the claims of the 040 patent were submitted in open-ended format. The hollow, whether it's hollow or not is of no consequence, but the non-plastic reinforcing member that's namely inserts in one of the styles of it is an additional element. So one of the issues on appeal is while the court correctly construed the term comprising, the application of that term was incorrect because what they've inserted in their door, a metal hollow tube, is an additional element rather than a change in the fundamental solid plastic style. But is that the basis for the district court's decision? In part, that's correct. The district court construed the term solid incorrectly, is our position, as meaning being made of the same material throughout rather than not hollow. Incidentally, one of the big reasons that the construction of the term solid is incorrect is that if it were to actually mean being made of the same material throughout, it would read on the prior art hollow plastic doors. So we know that it can't be correct. Mr. Klepp, what distinguished your invention over the prior art? The fact that the plastic rails and stiles were solid core. In other words, in the prior art we had solid wooden doors, and we also had plastic building materials, doors, shutters, things like that.  That's correct because that's the patentable feature. If that was the feature, why wasn't that there from the very outset? That was the one thing that distinguished you over the prior art. Well, we believe that it was, but the examiner in this case during the prosecution wanted to make that distinction more clear over the hollow core plastic prior art. There were hollow core building materials in the prior art. Again, that's one of the reasons why the district courts claimed to be correct. Why isn't the only thing that has been done by the accused here is that they have taken the old prior art hollow door and pushed a wooden dowel into it? You're exactly right. They've added an element. No, to the prior art though. Because there are no solid core plastic doors in the prior art. Now, here's what we're puzzling, or at least here's what I'm puzzled about, which is isn't the Snavely door in part hollow so that even if, by whatever definition of solid, meaning solid-solid or meaning non-hollow-solid, whatever it is, isn't it true that the accused product is in part hollow, which takes it out from under the description of your claims or the scope of your claims? I agree with you, Your Honor, that they have added an additional element, which in this particular case factually is a hollow metal tube. But that's an additional element. In order to do that, they had to have a hollow in their plastic style in order to put this hollow metal tube in there. They have added an element, yes, Your Honor. You're correct. But they started with a plastic style that was in part hollow. Is that not true? They have allegedly improved a solid plastic style. You're not answering my question. Is it not true that in order to put that hollow metal reinforcing element, the new element, in there, they had to begin with a style that was in part hollow? Otherwise there's no way to get that thing in there. I would agree with that, Your Honor. So they are not making a solid door, whether you define it solid as not hollow or as solid-solid, the way you and the trial have seemed to be quarreling over the terminology. It seems to me it doesn't matter which way we go on that definition. What they're doing is ending up with a product that is in part hollow, which can't come within your claims, can it? It can because the claim terms of the 040 patent are in open-ended format, so that by use of the word comprising, they have added an additional element. Is the additional element hollow? A hollow metal reinforcing tube. No, is the additional element partly hollow style? Is that what their additional element is? Their additional element is a hollow metal tube that's been inserted into a plastic solid style. But your claim is to a solid plastic. Solid modifies plastic, doesn't it? So you have to have something that's solid plastic under the district court's construction. No, we're just reading the claim language now. It's solid plastic. It's not just solid. It's solid plastic. It's got to be plastic all the way through, doesn't it? Under the district court's interpretation. We're just reading the claims. The word solid is an adjective modifying the noun plastic. Yes, sir. Not hollow plastic is the way that the term should be construed. It's solid plastic, meaning it's plastic all the way through. That construction, that construction, that's one way, positive construction. Take it your way, not hollow plastic. Right. Theirs is a hollow plastic. It has to be hollow because it's got something else in it. That's where we get to the term comprising, because they've added an additional element. And by definition under the patent law, the claims of the 040 have to cover it. Is theirs plastic? Is theirs solid plastic? For purposes of this, there's a solid plastic with the addition of an additional element, which may or may not be plastic, may or may not be hollow. Mr. Clayton, what I think is confusing the issue, and it's certainly confusing me, is the fact that you want to talk about the style and the reinforcing piece. The claim is talking about, I will give you the argument that because it's a comprising, open-ended claim, additional components can be added, like doorknobs and hinges and springs and everything else. And let's put the reinforcing rod in that category of everything else. But the claim is directed to the style. One element. One element. And the style is made of plastic, made of solid plastic. So now the question becomes, what does that mean? And you look to the written description, and it says that these components, namely the styles and the rails, can be worked with standard machinery because they are solid, meaning there are no hollow pores or regions formed inside them. And looking to the accused product, the style of the accused product, regardless of the reinforcing rod, independent of the reinforcing rod, just the style, is hollow. It has an opening that goes completely through it. Does that make it outside the claim? That's incorrect, Your Honor. Absent the additional element, the accused style is solid plastic and is suitable for trimming, cutting, and that sort of thing. So you're arguing that it's the accused style with the void to receive the reinforcing member is solid plastic. For purposes of this invention, that's exactly right. And what, under the facts of this case, we don't even have to get to claim construction because Snavely has admitted that their door contains all of the elements of the 040 patent claims. They have advertised that their door is protected and covered by a U.S. patent. The only patent that Snavely holds is the 621 patent, which is in Jepson claim format and is allegedly an improvement of the 040 patent and, in fact, incorporates, by reference, Mr. Green's patent and states that their door has all of these elements in it, save for the addition of this element. So there's an admission, at the best, of infringement. At the least, it creates a genuine issue of material fact and the district court improperly granted summary judgment to you. I want to thank you for your time, Your Honor. Yes, Your Honor. I'm glad. Thank you. Mr. Westhoff. If we could please the court, I'm not going to take a lot of your time. We're going to... We may take a lot of yours. Well, I'm here to give that to you, but I just want to reaffirm that Snavely's style is extruded with a mandrel that produces a void down the entire length of the style. Deal with the column 3 reference to solid that defines, almost defines it. Maybe not exactly, but almost defines it as not hollow. I don't know what not hollow is. Is that a little bit hollow? All the way hollow? Well, they say they are solid, meaning that there are no hollow cores or regions formed inside them. That's the reference to column 3, line 65. Yes, and I think if you look at the Saluka process, and if you look at Green's testimony before the court during the Markman hearing, what you will find is that what that speaks to is basically the air entrainment bubbles. Some of those can extend out and have length-wide voids, but it is a solid core door. And when they say they've got air entrainment, he testified to this fact, that when they have air entrainment, you have little bubbles. If you take a microscope to it, it's a foam. It's a solid foam. It goes across the entire style. Less dense in the center, but nevertheless solid.  You can get these little extensions and voids, so that when you plane it or cut it, you'll get an irregularity. But if you cut through it, across the style, you cut it in half, it's solid all the way through. When you make your styles, do you pour them with this metal tube inside, or do you leave a void that you then slide the metal tube into? They are extruded, which means that they're molded in a continuous form with a mandrel in the center, which creates a void. So when that's done being extruded, you can look through it. And then you can put a tube in, you can put whatever you want in, or you can leave it without a tube. But it substantially increases the rigidity of those doors. So when you extrude it with a void, a vertical void... A lengthwise void. Lengthwise void, because it's being... Okay. Lengthwise void, and there's nothing in that void when you... Air. When you extrude air. Air. I have to tell you, Mr. Whittaker, I think... What strikes me about this is that you all have done a design around in about as tight a way as could possibly have been done. And I suspect they could have drafted a patent that would stop you from doing this, but I'm not sure they have. That's the issue we're wrestling with, isn't it? I believe that it is, except that our position is they haven't. So we don't see an issue because they put solid in front of that. They never briefed the Pesto issue on the doctrine of equivalence and that was only argued. They tried to rebut it, but there was no rebuttal. So I think on the record, the court was absolutely right in granting summary judgment. And I don't believe they got it. We got into that claim. You're at least candid about your position. Absolutely. Okay. Mr. Whittaker, if you ignore the reinforcing piece for the moment, what is your client's style made of? It's made out of polyvinyl. It's the same sort of plastic. It's made out of solid foam plastic. It's solid foam plastic with the entrained arrows used. So the style is, to use the language of the claim, a style made of solid foam plastic. Is it not? Albeit with a void. Albeit with a void. It's not solid. It is solid. The plastic coming out when it's extruded is air entrained. It is fluid and it solidifies as it comes through the mold. And when you end, at the end of the day, the plastic that is around the void is solid. And if you didn't have the void, you clearly would be entrained. It would be the same thing. That's right. I mean, certainly the question contemplated that there could be openings made in the door. For example, an opening for the lock and an opening for the doorknob. Even describes the recesses for the tongue and groove joints and projections and notches and all sorts of other things. So what difference is it that we're talking about a void that will receive a reinforcing piece? All of that relates, it seems to me, or could be argued anyway, relates to the shape or configuration of the style. And in all cases, the style is made of, as you just conceded, solid foam plastic. And if that's the case, then why isn't it just a question of fact as to whether the appliance products infringe? Well, they don't infringe under the court's claim interpretation because it requires that the same material be used throughout. But my point is, isn't the same material used throughout your style? No. With the void. No, we have a reinforcing member, and that's the style. That's the end. No, but the claim is to a door. It's not to a style. A style is an element, and that style has a solid plastic. It's made of solid plastic. Our style is not made of solid plastic. It's made with a void and a reinforcing member, and it's superior to theirs. But what's the difference between the one style that is made with a reinforcing member added, and the other style that is made with a lock and a door added? Both of those mechanisms are received within holes drilled or formed within the styles, and the styles throughout are otherwise made of solid plastic. The door receives an opening for the doorknob. It receives hinges if you want to put them in, but none of those are in the claim. That's a fact that you do with the door. And that's always done on site anyway. That's done on site. You can't pre-drill it because you don't know where the exterior edge of the door is until you cut it to fit. Exactly, and that's one of the advantages of these doors is the fact that they are like wood. You can plane them, you can cut them, you can saw them. Now, if you had just extruded this style with the void in it, but never put the reinforcing member of the hollow tube in it, would it be a different problem? Would the infringement issue be a different problem? I don't believe so, Your Honor. Do you think having that void in the manufacturing process is what escapes the claim? Yes, Your Honor. So it doesn't matter what you put in that void? Well, if you fill it back up with foam. Short of filling it back up with foam. Then that would be a problem. So if you would put a solid reinforcing member, it might have been a problem, unless, of course, it was made of something other than plastic. Correct. If your client's style was instead of being extruded with the reinforcing member in it, if instead it was simply extruded and then later a hole was drilled lengthwise through the entire length and then a reinforcing piece was added, would that make a difference? I would think not, because the door... Well, at one moment it would have infringed, right? At one moment. We don't sell it as a style, we sell it as a void. But you've made it. Would you not have made the infringing combination? No. And then simply altered it by putting a hole in it? It wouldn't hurt you to confess that that would have infringed. Because that isn't what you do. Well, I know it's not what we do, but it wouldn't have infringed either way. Well, you wouldn't have made the infringing combination? No, I wouldn't have made the style. Maybe you didn't sell it because you altered it later before you sold it, but at some point you made it. No, because we'd put the hole in the style and attach the style to the risers and the frame, and then we'd have a door which would not infringe at that moment. But I think... Well, let's change my hypothetical. He's making an interesting point, which is that the claims call for a door, not for a style. So until it becomes a door, it's your position. Exactly. Until it becomes a door, you can't infringe the claim. But maybe you could exclude the solid plastic, put together the door, and then cut the holes, which is what I thought my colleague was suggesting, and you would have made the door and infringed, right? I think that door would infringe if all I were doing is putting doorknobs on and hinges. Well, what's the difference between drilling a hole for a doorknob after the door is put together out of solid plastic and drilling a hole for a reinforcing rod? I think drilling a hole for a reinforcing rod. When I drill that hole, it's no longer a solid core door, as their title says. Well, the same goes for the hole on the other side for the doorknob. Well, that may be. But the claim, I don't know the answer to that. I don't know that you necessarily change a door to solid because it has a doorknob on it. Because this door has handles on it and doorknobs and hinges, and it's still deemed to be a solid core door. Your adversary is likely to come back and say, well, for the same reason it doesn't make a difference if you have a solid style on the other side and you drill a hole and put a reinforcing rod in it. I think they say that. But I don't know what that plastic is. It's not the same material throughout. This would be a good time for you to say, but Your Honor, this is not what we make. We don't drill it. We don't make it, Your Honors. Always a good answer. Thank you. Thank you very much, Mr. Whitcock. Mr. Cliff, you have the remaining four minutes. Thank you, Your Honor. As I began to argue earlier this morning, setting aside the claim interpretation, the application of the word comprising in this case, and even the document of equivalence, there is a very easy answer that creates a genuine issue of material fact. And that is, in the record, we've got advertisements from Satan's Navy Force products to its customers that expressly state that the doors that are alleged to infringe are covered by a U.S. utility patent. That patent is the 621 patent, and is the only utility patent owned by Snavely. That 621 utility patent is an improvement patent. The only two independent claims in that patent are drafted in GEPSOM format, stating, I claim this with this improvement. The this that they claim is the 040 patent. It incorporates, by reference, explicitly, all of the elements of Mr. Green's door. They admit that they have added a reinforcing member to the style. It doesn't matter how the claims are interpreted, how the word comprising is interpreted or applied. There's a genuine issue of material fact through this admission. Now, I know Snavely, at the district court level, and in this case, has argued, we don't compare patents to patents. We don't. One patent can infringe another patent, and they're exactly right. Nor can their advertisement infringe a patent. That's exactly right as well. So it's a design patent. But this is a factual admission. Number one, that the allegedly infringing screen door manufactured by Snavely is covered by a patent. Number two, the only patent that they have, the only patent that that could be, is the 621 patent. We look at the 621 patent... But you're assuming that the door that they mark it is necessarily the door that was patented. We don't need to assume that because it's an issue of fact which the district court never got to. And that's all we seek, is the opportunity to prove that their infringing screen door is covered by the patent, that patent is in Jepson claim format, and incorporates by reference expressly all of the elements of the 040 patent. But aren't they arguing that one of the improvements is the making of at least one style, at least partially hollow, to receive a reinforcing level? And isn't that... That's exactly... Doesn't that bring us back to the debate? It doesn't... Well, it brings us back to the debate, but the answer to that debate is it's the addition of a new element, which is captured under the 040 patent's open-ended format. But the new element is inconsistent with your patent. What about that? It's not inconsistent. And if we look at the 621 patent, they state that their door has solid rails and styles, one style improved with the addition of this additional element. But it makes it hollow. Well, it doesn't matter. It could be solid, it could be hollow. We've seen doors that were presented at the lower court that had a solid wooden dowel in it. We saw other doors that had a hollow metal pipe. Regardless, it's the addition of another element, just like the doorknob, just like the hinges. And, yes, being the other side, I am agreeing with your earlier statement. It doesn't help them out. It doesn't bring their door out from under the claims of the 040 patent. It's an attempt to design around, and it's unsuccessful. Thank you, Your Honors. Thank you very much. All rise. Thank you. The honorable court is adjourned until tomorrow morning at 10 o'clock a.m.